Laboni A. Hoq (SBN 224140)
HOQ LAW APC
P.O. Box 753
South Pasadena, California 91030
Telephone: (213) 973-9004
Email: laboni@hoqlaw.com

Wilmer Harris (SBN 150407)
SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES LLP
715 Fremont Avenue, Suite A
South Pasadena, CA 91030
Phone: (626)441-4129
Fax: (626) 283-5770
Email: wharris@sshhzlaw.com

V. James DeSimone (SBN 119668)
V. JAMES DESIMONE LAW
13160 Mindanao Way #280
Marina Del Ray, California 90292
Telephone: (310) 693-5561
Email: vjdesimone@gmail.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FAHREN JAMES and VICTORIA PATTERSON,

*Plaintiffs*,

v.

CITY OF SOUTH PASADENA, MATTHEW RONNIE, in his individual capacity, RANDY WISE, in his individual capacity, SPENCER LOUIE, in his individual capacity, RICHARD BARTL, in his individual capacity, CHRIS PEREZ, in his individual capacity, RICHARD CHENEY, and Does 1 through 10,

*Defendants*.

Case No. 2:21-CV-08256-DSF-KK

**PLAINTIFFS' OPPOSITION TO CITY DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE**

Date: February 13, 2023
Time: 9:30 a.m.
Dept: 7D

Judge: Hon. Dale S. Fischer

Action Filed: October 18, 2021
Trial Date: September 19, 2023

## I. Introduction

The Court should deny the City Defendants' Supplemental Request for Judicial Notice of "facts" contained in the City's police policies, protocols and reports for two reasons. *First* it seeks to judicially notice facts that are "subject to reasonable dispute" for the purported "truth of their contents," in contravention of Fed. R. Evid 203(b); *Hurd v. Garcia*, 454 F. Supp. 2d 1032, 1055 (S.D. Cal. 2006). Moreover, it does so for the improper purpose of attempting to supplant Plaintiffs well-pled factual allegations. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (denying request for judicial notice where the Court must "construe plaintiffs' allegations in the light most favorable to plaintiffs."); *see also Martinez v. Welk Grp*., Inc., No. 09 CV 2883 MMA WMC, 2011 WL 90313, at *4 (S.D. Cal. Jan. 11, 2011) (denying request for judicial notice of facts introduced to dispute plaintiffs' factual allegations).

*Second*, the City Defendants seek to judicially notice facts that are irrelevant to their pending motion to dismiss, which is an independent ground to deny their request. *See Ventana Med. Sys., Inc. v. St. Paul Fire & Marine Ins. Co.*, No. CV09-102-CKJ-CRP, 2010 WL 1752509, at *23 (D. Ariz. Jan. 13, 2010), report and recommendation adopted in part, 709 F. Supp. 2d 744 (D. Ariz. 2010), aff'd, 454 F. App'x 596 (9th Cir. 2011) (in denying request for judicial notice, court emphasized that "evidentiary rules require that all facts must be relevant"). Again, the City Defendants seek to do so for the improper purpose of attempting to recast the facts of the case in a light more favorable to them. *Lee*, 250 F.3d at 688. Where, as here, the proposed "facts do not have a high degree of indisputability and their authenticity and significance to the case should be proved by [] and determined by the trier of fact," a request for judicial notice should be denied. *Ventana*, 2010 WL 1752509 at *23.

## II. Facts Contained in Policy 400 of the South Pasadena Policy Manual are Irrelevant, and Therefore Not Judicially Noticeable

The Court should deny the City Defendants' request to take judicial notice of certain facts contained in "Policy 400 of the South Pasadena Policy Manual" because the City Defendants have both failed to justify their relevance. *Ventana*, 2010 WL 1752509 at *23. First, the City Defendants seek to judicially notice the statement that SPPD Patrol officers are tasked with "the prevention of criminal acts, traffic violations and collisions, the maintenance of public order and the discovery of hazardous situations or conditions." Supp. RJN at 3. The City Defendants fail to provide any explanation for this statement is relevant to their motion to dismiss. To the extent the City Defendants are attempting to introduce it to justify their threat to seize and otherwise illegally enforce a sign ordinance against Plaintiff Fahren James while she was exercising her free speech rights, the Court should reject it as applied here because it squarely contradicts allegations in the Second Amended Complaint ("SAC"). *Lee*, 250 F.3d at 688. *See* SAC ¶¶ 82-88, 101-102. To the contrary, the SAC clearly alleges Plaintiffs protest activity always remained peaceful, and there are no facts in the SAC or elsewhere that would have prompted SPPD officers to confront Ms. James about her protest signs pursuant to Policy 400.

The City Defendants' request to judicially notice language from section 400.3 of the Policy Manual similarly fails to meet the requirements of "relevance" and "authenticity" required by Fed. R. Evid. 201. The portions of Section 400.3 which Defendants seek to judicially notice state in pertinent part, "Officers are encouraged to contact organizers or responsible persons to seek voluntary compliance that address relevant public safety/order concerns. Officers should consider enforcement of applicable state and laws such as Penal Code 602.1 (obstructing or intimidating business operators) when the activity blocks the entrance or egress of a facility or location and when voluntary compliance with the law is not achieved." Supp. RJN at 3. While the City Defendants again fail to justify the relevance of this language to its motion to compel, its request to judicially notice it is clearly a back-door attempt to improperly insinuate that SPPD officers were entitled to contravene Ms. James'

free speech rights based on her purported disorderly conduct. Such insinuation has no basis in fact, and the Court should reject the City Defendants attempt to introduce facts whose sole purpose is to recast the well-pled allegations in the case. *Lee*, 250 F.3d at 688.

Moreover, the language of section 400.3 is on its face irrelevant to Plaintiffs claims, because it applies only when officers seek "voluntary compliance" with purported "public safety/order concerns. *Id*. Here, however, the SAC makes clear that SPPD officers did not seek "voluntary compliance" but rather engaged in coercive conduct when they threatened to seize Ms. James' protest signs if she did not take them down. SAC ¶¶ 82-88. For these reasons, too, the Court should reject the City Defendants request to judicially notice section 400.3 as a thinly veiled attempt to improperly recast Plaintiffs' well-pled factual allegations. *Lee*, 250 F.3d at 688.

**III. Facts Contained in SPPD's 2020-2021 Annual Report Are Subject to Reasonable Dispute, Irrelevant, and Therefore Not Judicially Noticeable**

The City Defendants premise their attempt to introduce portions of the City of South Pasadena's Annual Report for 2020-2021 on "Plaintiffs []claim [that] the Defendants/City have failed to produce relevant data regarding arrests, diversity and race." Supp. RJN at 4. Plaintiffs make no such claim in the SAC, or in their Opposition to the City Defendants' Motion to Dismiss. As such, the City Defendants request as to the 2020-2021 Annual Report is nothing more than pretext for introducing self-serving and irrelevant facts not entitled to judicial notice. *Ventana*, 2010 WL 1752509 at *23.

The City Defendants also mischaracterize the allegations in the SAC as a backdoor attempt to introduce facts from the 2020-2021 Annual Report they believe are favorable to them, despite those facts being disputable and irrelevant. They claim "Plaintiffs' SAC asserts that SPPD is comprised of White officers that are racist," Supp. RJN at 3, which not only mischaracterizes the SAC, but is also

purposefully misleading. Nowhere in the SAC do Plaintiffs state that SPPD is only comprised of White officers, nor does it allege that all White officers at SPPD are racist. Even if it did, it still would not entitle the City Defendants to judicially notice statistics from the 2020-2021 Annual Report regarding SPPD's purported racial diversity for the truth of that information. In addition to being "subject to reasonable dispute" – the City Defendants fail to explain how the statistics were compiled or verified – the statistics are wholly irrelevant here.[1] *Lee*, 250 F.3d at 690; *Hurd v. Garcia*, 454 F. Supp. 2d 1032, 1055 (S.D. Cal. 2006) (granting judicial notice of "[judicial] opinions but not for the truth of their contents," and denying notice of a "Program Status Report"). Indeed, if the recent police killing of Tyre Nichols has demonstrated anything, it is that the race of an officer is not sufficient to establish whether or not he or she is predisposed to discriminate against members of the public on account of their race.

The City Defendants' attempt to judicially notice their belated efforts to train SPPD officers on their hate crimes obligations, Supp. RJN at 4, and SPPD's compliance with the Racial and Identity Profiling Act (RIPA), *id.*, should be rejected for similar reasons. Other than citing these purported facts, they fail to establish their relevance, or that they are "not subject to reasonable dispute." *Ventana*, 2010 WL 1752509 at *23. Moreover, whether or not these purported facts are true, they demonstrate a change in conduct by SPPD that occurred *after* all of the alleged discriminatory acts by SPPD against Plaintiffs took place, making them even more irrelevant here. *See* Dkt. 64-2 at Pg. 17 (identifying SPPD officers' completion of hate crimes training in March 2021); Pg. 18 (identifying SPPD's compliance with its RIPA obligations beginning on January 1, 2022).

///

---

[1] The same goes for the City Defendants attempt to notice facts in the 2020-2021 Annual Report regarding the purported "decrease in arrests of individuals that identify as Black," Supp. RJN at 4, which is not supported by any legal authority. *See Hurd v. Garcia*, 454 F. Supp. 2d 1032, 1055 (S.D. Cal. 2006)

## IV. The City Defendants' Self-Serving Interpretation of the City's Sign Placement and Enforcement Protocol is Not Judicially Noticeable

Finally, the City Defendants again seek to judicially notice the City of South Pasadena's Sign Placement and Enforcement Protocol, dated September 30, 2020, but this time for the improper purpose of imposing their self-serving interpretation of its terms as conclusive evidence in the case. [2] The Court should refuse to do so as such a request flies in the face of courts' reliance on judicial notice as a "limited tool." Ventana, 1752509 at *23 ("Limiting those facts that can be judicially noticed … is important because the jury is required to accept as conclusive facts that are judicially noticed."); *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1280 (C.D. Cal. 2016) (discussing judicial notice as "an explicitly limited doctrine").

While courts can take judicial notice of the existence of state or federal statutes and regulations, *Martinez*, 2011 WL 90313 at *2, the City Defendants ask the Court to go further by requesting that it judicially notice how they should be interpreted. The City Defendants offer no authority that would support such a novel application of the judicial notice rules. Further, the City Defendants' interpretation of the Protocol is flawed because it asks the Court to read into the Protocol words that are not contained in it. Specifically, the City Defendants argue that the Protocol establishes "new actions" for SPPD in connection with City's sign ordinance, whereas the Protocol says nothing of the sort. RJN at 5. As discussed, this claim directly contradicts Plaintiffs' allegations that the Protocol is a codification of existing practice. SAC ¶ 84. Therefore, even putting aside the City Defendants' flawed interpretation of the Protocol, where, as here, a request for judicial notice seeks to displace well-pled factual allegations, it should be rejected. *Lee,* 250 F.3d at 688.

---

[2] Plaintiffs do not oppose the Court's judicially noticing the existence of the Protocol, and when it was enacted. Indeed, Plaintiffs did not oppose the City Defendants' initial Request for Judicially Notice which sought to only notice the existence of the Protocol. Dkt. 60.

Date: February 7, 2023

HOQ LAW APC

SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES

V. James DeSimone Law

*/s/ Laboni A. Hoq*

Laboni A. Hoq

*Attorneys for Plaintiffs Fahren James and Victoria Patterson*