**Richard Cheney**
Appearing Pro Per

1126 Fairview Avenue
City of South Pasadena, CA 91030
Telephone: (626) 255-2727
Email: Case221cv08256@923.us

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

FAHREN JAMES and VICTORIA PATTERSON,

Plaintiffs,

vs.

CITY OF SOUTH PASADENA, MATTHEW RONNIE, in his individual capacity, RANDY WISE, in his individual capacity, SPENCER LOUIE, in his individual capacity, RICHARD BARTL, in his individual capacity, CHRIS PEREZ, in his individual capacity, RICHARD CHENEY, and Does 1 through 10,

Defendants

CASE NO. 2:21-cv-08256-DSF-KK

Assigned to Hon. Dale S. Fischer

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE REGARDING PLAINTIFFS' LAWSUIT AGAINST LAPD**

Final Pretrial Conference:
Date: March 11, 2024
Time: 3:00 P.M.
Courtroom: 7D

Trial Date: March 19, 2024
Time: 8:30 A.M.
Courtroom: 7D

Action Filed: 10/18/21
Trial Date: 03/19/24

///

///

///

///

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The case arises from the Defendant stopping to exercise his First Amendment rights, by finding out why a political sign for Joe Biden for President / anti-Trump hate sign was being hung up, on the most visible corner in the center of South Pasadena, on South Pasadena public property, that the Defendant believed that somebody was told to take down the night before (hereinafter, **THE INCIDENT**). Unbeknownst to the Defendant, his text, the night before, to his South Pasadena City Council member neighbor, asking, "What's with the sign at the corner of Fair and Mission", was NOT the cause of the sign being taken down the previous evening. Upon arriving on the corner and asking the closest person to the Defendant, who turned out to be the Plaintiff, "why are you putting back up the sign that you were told to take down", pandemonium broke out.

In Plaintiff's Second Amended Complaint she alleges in pertinent part that as a result of **THE INCIDENT** her civil rights were violated when attempting to exercise her First Amendment Rights. (Dkt. No. 56, ¶¶ 89, 96, 97, 151, 153, 155, 160-168). Plaintiff also alleges that as a result of **THE INCIDENT** she suffers from emotional pain, suffering, trauma, worry, anxiety, humiliation, and embarrassment. (Dkt. No. 56, ¶¶ 73, 156, 197, 202).

In *Fahren James v. City of Los Angeles, , et al.*, Case No. 2:21-CV-4525, ("City of Los Angeles / LAPD Complaint" and/or "City of Los Angeles / LAPD Lawsuit"), Plaintiff alleges that, while she was peacefully exercising her First Amendment Rights, LAPD Officers ambushed her, repeatedly striking her with a baton and shooting rubber bullets at her from close range causing hospitalization, permanent physical injury, and mental and emotional trauma. Ms. James additionally alleges, "that some, if not all, of the injuries are reasonably certain to be permanent in character" (City of Los Angeles / LAPD Complaint, ¶¶ 125, 132, 138).

Furthermore, the Plaintiff also alleges that, because of the actions of the LAPD "Ms. JAMES has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, psychological harm, physical pain and suffering." (City of Los Angeles / LAPD Complaint, ¶¶

125, 132, 138). In addition, the Plaintiff repeats her allegations that she suffered and suffers from "extreme and severe emotional distress" (City of Los Angeles / LAPD Complaint, ¶¶ 60, 79, 92).

Plaintiff now seeks to exclude evidence and argument related to the City of Los Angeles / LAPD Lawsuit.

In light of Plaintiffs' allegations that as a result of **THE INCIDENT**, which is the subject of this lawsuit, Ms. James sustained emotional distress when exercising her First Amendment Rights, evidence and argument related to Plaintiffs' emotional distress damages resulting from previous conduct of public demonstrations is relevant and admissible. Such evidence is relevant and admissible to (1) refute claims that **THE INCIDENT** prohibited Ms. James from engaging in subsequent First Amendment protests, (2) offer alternative causes for the emotional distress that she alleges, and (3) cross examine Plaintiff on the compensation she is requesting, both punitive and exemplary, as a result of the damages she sustained when the LAPD "ambushed her, repeatedly striking her with a baton and shooting rubber bullets at her from close range causing hospitalization permanent physical injury, and mental and emotional trauma".

Finally, evidence and argument related to the City of Los Angeles / LAPD Lawsuit only concerns Plaintiff's allegations and requested award for damages, both punitive and exemplary.

///

## II. ARGUMENT

### A. Evidence Related to Plaintiff's Conduct in City of Los Angeles / LAPD is Relevant to Plaintiff's Claim That This Incident Prohibited Her From Engaging in Subsequent Protest.

Evidence and argument related to Plaintiff's participation in demonstrations against the City of Los Angeles / LAPD's conduct is relevant to refute Plaintiffs' claims that Defendant's conduct prevented her from freely expressing her subsequent First Amendment Rights. Because Plaintiff alleges in the City of Los Angeles / LAPD Complaint that she was, "peacefully exercising her First Amendment Rights" when "LAPD Officers ambushed her, repeatedly

striking her with a baton and shooting rubber bullets at her from close range causing hospitalization, permanent physical injury, and mental and emotional trauma", such evidence is relevant and admissible as to Plaintiff's claims that **THE INCIDENT** caused her "emotional pain, suffering, trauma, worry, anxiety, humiliation, and embarrassment" when attempting to exercise her First Amendment Rights. Such evidence is directly relevant to the damages Plaintiff alleges she suffered as a result of the alleged First Amendment and Bane Act violations, and as such has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable" and thus is admissible.

**B. <u>Evidence Related to Plaintiff's Lawsuit Against City of Los Angeles / LAPD is Relevant to Plaintiff's Claim of Emotional Distress in This Case.</u>**

Evidence and argument related to emotional distress that Plaintiff alleges in the City of Los Angeles / LAPD complaint is relevant and admissible to cross examine Plaintiff on alternative causes of the emotional distress that she alleges in the case at hand.

"A party may seek to challenge a claim for emotional distress damages by offering evidence of other stressors in a plaintiff's life." *Smith for J.L. v. Los Angeles Unified Sch. Dist.*, 2018 WL 6137133, at *2 (C.D. Cal. Feb. 13, 2018).

And "[e]vidence that a plaintiff's emotional distress may have been caused by other stressors in the plaintiff's life is admissible, even if such evidence is relevant only to emotional distress damages and not to liability." *Barten v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 11111477, at *2 (D. Ariz. June 17, 2015).

Because Plaintiff alleges in the City of Los Angeles / LAPD Complaint that the alleged conduct of the LAPD Officers caused Plaintiff to suffer emotional distress, Defendant may offer evidence of the City of Los Angeles / LAPD Lawsuit as evidence of other stressors in Plaintiff's life that have caused her emotional distress.

Moreover, evidence and argument related to the City of Los Angeles / LAPD Lawsuit is admissible because the alleged actions in that case occurred shortly before **THE INCIDENT** which is the subject of this case. *Elkins v. Automatic Data Processing, Inc.*, 2023 WL 7354621, at *5 (C.D. Cal. Apr. 19, 2023) ("[S]ome courts exclude evidence of alternative stressors if the

evidence does not pertain to the period of time for which the plaintiff seeks damages."); See *Sherman v. Chrysler*, 47 F. Appx 716, 723 (6th Cir. 2002) (evidence of other lawsuits during the same time period was probative "to rebut [plaintiff's] claim that the primary cause of his emotional and familial stress — and hence his emotional damage — was his ongoing difficulty with [his employer]."); *Hanna v. Giant Eagle Inc.*, 2018 WL 11474894, at *4 (W.D. Pa. Mar. 28, 2018) (allowing in evidence that was relevant to establish alternative stressors for plaintiff's claimed emotional distress because the evidence was within the period of time for which plaintiff sought damages); *Gage v. Metro. Water Reclamation Dist. of Greater Chicago*, 365 F. Supp. 2d 919, 927 (N.D. Ill. 2005) (information pertaining to the plaintiff's children and plaintiff's status as a sole-caretaker "may be admitted into evidence for the period of time for which plaintiff seeks damages").

As such, evidence and argument related to emotional distress that Plaintiff sustained when she alleges that the "LAPD Officers ambushed her, repeatedly striking her with a baton and shooting rubber bullets at her from close range causing hospitalization, permanent physical injury, and mental and emotional trauma" shortly before **THE INCIDENT**, is relevant and admissible to offer alternative causes of the emotional distress that she alleges in the case at hand.

**C. <u>Evidence Related to Plaintiff's Requested Damages, Both Punitive and Exemplary, From the City of Los Angeles / LAPD is Relevant to Plaintiff's Claim for Damages.</u>**

Evidence and argument related to the City of Los Angeles / LAPD Lawsuit is relevant to cross examine Plaintiff on the compensation she is requesting, for both punitive and exemplary damages, received as a result of the damages she sustained when the "LAPD Officers ambushed her, repeatedly striking her with a baton and shooting rubber bullets at her from close range causing hospitalization, permanent physical injury, and mental and emotional trauma".

Because Plaintiff is requesting compensation, both punitive and exemplary, in the City of Los Angeles / LAPD Lawsuit, evidence and argument related to the damages she sustained are relevant to determine whether there is an overlap between the damages alleged in this case.

"[P]laintiff may not be compensated more than once for the same injury, regardless of the number or type of legal theories in the case." *Fed. Deposit Ins. Corp. v. Ching*, 189 F. Supp. 3d 978, 995–96 (E.D. Cal. 2016) (citing *Roby v. McKesson Corp.*, 47 Cal.4th 686, 702, (2009).) "[I]f one tortfeasor pays partial compensation to the plaintiff, the liability of other tortfeasors will be correspondingly reduced." *Krusi v. Bear, Stearns & Co.*, 144 Cal.App.3d 664, 673, 192 Cal.Rptr. 793 (1983).

Because the purpose of compensation from a settlement is to make the Plaintiff whole, evidence related to the alleged injuries in the City of Los Angeles / LAPD Lawsuit is relevant to determine whether Plaintiff is seeking to recover from the same injuries twice. Additionally, in both actions Plaintiff alleges emotional distress and mental trauma. As such, information related to whether Plaintiff is seeking to recover twice for the same injuries is relevant and admissible.

Furthermore, the Defendant wishes to cross-examine Ms. James and any expert witness testimony or evidence that the causation, in this case, of her alleged "mental and emotional trauma" can be clearly distinguished and delineated from the City of Los Angles / LAPD case.

Exclusion of the City of Los Angles / LAPD case will cause the Defendant, in this case, irreparable harm in vigorously defending this case.

**D. <u>Defendant Is Not Offering Evidence of the City of Los Angeles / LAPD Lawsuit As Character Evidence.</u>**

Federal Rules of Evidence rule 404(a)(1) does not apply because Defendant is not offering evidence of the City of Los Angeles / LAPD Lawsuit for the purpose of establishing that Plaintiff is litigious or a person of bad character. As discussed above, the evidence is relevant to (1) refute claims that **THE INCIDENT** prohibited Plaintiff from engaging in subsequent First Amendment protests, (2) to offer alternative causes for the permanent emotional distress that she alleges, and (3) cross examine Plaintiff on the compensation she is requesting, both punitive and exemplary, as a result of the damages she sustained when "LAPD Officers ambushed her, repeatedly striking her with a baton and shooting rubber bullets at her from close range causing hospitalization, permanent physical injury, and mental and emotional

trauma".

**E. Evidence Related to the City of Los Angeles / LAPD Lawsuit Will Not Cause Undue Delay.**

Evidence and argument related to the City of Los Angeles / LAPD Lawsuit only concerns Plaintiffs' request for damages, both exemplary and punitive. As such, evidence of (1) Plaintiff's First Amendment activities in City of Los Angeles / LAPD complaint, (2) Plaintiff's emotional distress claims in the City of Los Angeles / LAPD Lawsuit, and (3) requested compensation related to Plaintiff's mental and emotional distress damages, both punitive and exemplary, would be minimal in nature.

Testimony on these issues will not be unduly time-consuming and will not cause "undue delay, waste of time, or needless presentation of cumulative evidence". Defendant anticipates that the total testimony on these issues would be less than one hour and would not cause "unfair prejudice" or "confusion of the issues" for the jury.

Lastly, the Plaintiff's lawsuit against the City of Los Angeles / LAPD is scheduled to be concluded prior to the case at hand and will likely result in providing further evidence for the Defendant to use when cross-examining the Plaintiff in the case at hand.

//

## III. CONCLUSION

For these reasons, Defendant respectfully submits that Plaintiff's Motion in Limine No. 1 should be denied.

//

//

DATED: February 12, 2024

Richard Cheney

By: [signature]

Richard Cheney
Appearing Pro Per

## PROOF OF SERVICE

I reside within the County of Los Angeles, State of California. I am over the age of 18 and am a Pro Se Defendant in this action; my address is 1126 Fairview Avenue, City of South Pasadena, CA 91030.

On Month Day, 2024, I served the foregoing document described as **DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 1** on the other parties in this action by delivering a true copy thereof to the person(s) below.

| | |
|---|---|
| Laboni A. Hoq (SBN 224140)<br>HOQ LAW<br>P.O. Box 753<br>City of South Pasadena, California 91030<br>Email: laboni@hoqlaw.com | *Attorneys for the Plaintiffs', Fahren James and Victoria Patterson*<br><br>[Served by Email] |
| Wilmer Harris (SBN 150407)<br>Grace Paek (SBN 325304)<br>SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES LLP<br>715 Fremont Avenue, Suite A<br>City of South Pasadena, CA 91030<br>Email: wharris@sshhzlaw.com | *Attorneys for the Plaintiffs', Fahren James and Victoria Patterson*<br><br>[Served by Email] |
| V. James DeSimone (SBN 119668)<br>V. JAMES DESIMONE LAW<br>13160 Mindanao Way #280<br>Marina Del Ray, California 90292<br>Email: vjdesimone@gmail.com | *Attorneys for the Plaintiffs', Fahren James and Victoria Patterson*<br><br>[Served by Email] |
| Katrina J. Valencia, Esq.<br>Tatiana Le<br>CARPENTER, ROTHANS & DUMONT LLP<br>500 South Grand Avenue, 19th Floor<br>Los Angeles, California 90071<br>Email: kvalencia@crdlaw.com<br>Email: tle@crdlaw.com | *Attorneys for Defendants City Of City of Los Angeles / LAPD, Sergeant Matthew Ronnie, Sergeant Spencer Louie, Sergeant Robert Bartl, Corporal Randy Wise, And Officer Chris Perez*<br><br>[Served by Email] |

☑ **BY ELECTRONIC SERVICE:** My electronic service address is Case221cv08256@923.us. I electronically served the documents described above to the at the e-mail address(es) indicated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 12, 2024, at City of South Pasadena, California.

| | |
|---|---|
| **Richard Cheney** | [signature] |
| Type or Print Name | Signature |