**Richard Cheney**
Appearing Pro Per

1126 Fairview Avenue
South Pasadena, CA 91030
Telephone: (626) 255-2727
Email: Case221cv08256@923.us

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FAHREN JAMES and VICTORIA PATTERSON,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SOUTH PASADENA, MATTHEW RONNIE, in his individual capacity, RANDY WISE, in his individual capacity, SPENCER LOUIE, in his individual capacity, RICHARD BARTL, in his individual capacity, CHRIS PEREZ, in his individual capacity, RICHARD CHENEY, and Does 1 through 10,<br><br>Defendants | CASE NO. 2:21-cv-08256-DSF-KK<br><br>Assigned to Hon. Dale S. Fischer<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF AMOUNT OF SETTLEMENT WITH CITY OF SOUTH PASADENA DEFENDANTS**<br><br>Final Pretrial Conference:<br>Date: March 11, 2024<br>Time: 3:00 P.M.<br>Courtroom: 7D<br><br>Trial Date: March 19, 2024<br>Time: 8:30 A.M.<br>Courtroom: 7D<br><br>Action Filed: 10/18/21<br>Trial Date: 03/19/24 |

//

//

//

//

//

//

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The case arises from the Defendant stopping to exercise his First Amendment rights, by finding out why a political sign for Joe Biden for President / anti-Trump hate sign was being hung up, on the most visible corner in the center of South Pasadena, on South Pasadena public property, that the Defendant believed that somebody was told to take down the night before (hereinafter, **THE INCIDENT**). Unbeknownst to the Defendant, his text, the night before, to his South Pasadena City Council member neighbor, asking, "What's with the sign at the corner of Fair and Mission", was NOT the cause of the sign being taken down the previous evening. Upon arriving on the corner and asking the closest person to the Defendant, who turned out to be the Plaintiff, "why are you putting back up the sign that you were told to take down", pandemonium broke out.

In Plaintiff's Second Amended Complaint she alleges in pertinent part that as a result of **THE INCIDENT** her civil rights were violated when attempting to exercise her First Amendment Rights. (Dkt. No. 56, ¶¶ 89, 96, 97, 151, 153, 155, 160-168). Plaintiff also alleges that as a result of **THE INCIDENT** she suffers from emotional pain, suffering, trauma, worry, anxiety, humiliation, and embarrassment. (Dkt. No. 56, ¶¶ 73, 156, 197, 202).

In *Fahren James, et al. v. City of South Pasadena, et al.*, Case No. 2:21-CV- 08256, Plaintiff alleges that from July 2020 to November 2020, she led and sustained a four-month long series of peaceful demonstrations against police activity in South Pasadena, which took place three to four times a week for several hours in the evening. (Dkt. No. 56, ¶¶ 1, 23). In the Complaint, Plaintiff alleges in pertinent part that during these demonstrations the City of South Pasadena, through the South Pasadena Police Department, violated Plaintiff's First Amendment Rights which resulted in emotional pain, suffering, trauma, worry, anxiety, humiliation, and embarrassment. (Dkt. No. 42, ¶¶ 156, 169, 178, 186, 197, 202, 213). The South Pasadena Lawsuit resulted in a global settlement of $500,000. (Dkt. No. 72 and Dkt. No. 85).

Plaintiff now seeks to exclude evidence and argument related to the global settlement of $500,000.

In light of Plaintiff's allegations that as a result of **THE INCIDENT**, which is the subject of this lawsuit, she sustained emotional distress when exercising her First Amendment Rights, evidence and argument related to Plaintiff's emotional distress damages resulting from subsequent conduct of public demonstrations is relevant and admissible. Such evidence is relevant and admissible to (1) refute claims that **THE INCIDENT** prohibited Plaintiff from engaging in subsequent First Amendment protests, (2) offer alternative causes for the emotional distress that she alleges, and (3) cross examine Plaintiff on the compensation she received as a result of the damages she sustained during the four-month long demonstrations in South Pasadena.

Finally, evidence and argument related to the City of South Pasadena's monetary compensation only concerns Plaintiff's request for damages.

///

## **II. ARGUMENT**

### **A. Evidence Related to Amount of the South Pasadena Defendants' Monetary Settlement Payment to Plaintiff in This Action is Relevant and Should Be Included.**

Evidence and argument related to Plaintiff's participation in subsequent demonstrations in the City of South Pasadena is relevant to refute Plaintiff's claims that Defendants' conduct prevented her from freely expressing her subsequent First Amendment Rights. Because Plaintiff alleges in the South Pasadena Complaint that from July 2020 to November 2020, she led and sustained a four-month long series of peaceful demonstrations against police brutality in South Pasadena, which took place three to four times a week for several hours in the evening, such evidence is relevant and admissible as to Plaintiff's claims that **THE INCIDENT** caused her mental and emotional distress when attempting to exercise her First Amendment Rights. The damage compensation evidence is directly relevant to the damages Plaintiff is requesting from the Defendant for what she alleges she suffered as a result of the alleged First Amendment and Bane Act violations, and as such has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable" and thus is

admissible.

**B. <u>Evidence Related to Plaintiff's Monetary Damages Received in the Lawsuit Against the City of South Pasadena is Relevant to the Plaintiff's Request for Damages From the Defendant in This Case.</u>**

Evidence and argument related to Plaintiff's monetary compensation received as a result of the City of South Pasadena's settlement of their part of this case, is relevant and admissible to cross examine Plaintiff on her request for damages from the Defendant and alternative causes of the emotional distress that she alleges the Defendant caused in the case at hand.

"A party may seek to challenge a claim for emotional distress damages by offering evidence of other stressors in a plaintiff's life." *Smith for J.L. v. Los Angeles Unified Sch. Dist.*, 2018 WL 6137133, at *2 (C.D. Cal. Feb. 13, 2018).

And "[e]vidence that a plaintiff's emotional distress may have been caused by other stressors in the plaintiff's life is admissible, even if such evidence is relevant only to emotional distress damages and not to liability." *Barten v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 11111477, at *2 (D. Ariz. June 17, 2015).

Because Plaintiff alleges that the South Pasadena Police Department caused Plaintiff to suffer emotional distress, Defendant may offer evidence of the South Pasadena Police Officer's conduct as evidence of other stressors in Plaintiff's life that have caused her emotional distress in addition to the Plaintiff having already received compensation for any injuries that she alleges occurred during **THE INCIDENT** on the part of the Defendant.

Moreover, evidence and argument related to the City of South Pasadena's monetary settlement is admissible because the alleged actions in that case occurred before, concurrently, and after **THE INCIDENT**. *Elkins v. Automatic Data Processing, Inc.*, 2023 WL 7354621, at *5 (C.D. Cal. Apr. 19, 2023) ("[S]ome courts exclude evidence of alternative stressors if the evidence does not pertain to the period of time for which the plaintiff seeks damages."); See *Sherman v. Chrysler*, 47 F. Appx 716, 723 (6th Cir. 2002) (evidence of other lawsuits during the same time period was probative "to rebut [plaintiff's] claim that the primary cause of his emotional and familial stress — and hence his emotional damage — was his ongoing difficulty

with [his employer].”); *Hanna v. Giant Eagle Inc.*, 2018 WL 11474894, at *4 (W.D. Pa. Mar. 28, 2018) (allowing in evidence that was relevant to establish alternative stressors for plaintiff’s claimed emotional distress because the evidence was within the period of time for which plaintiff sought damages); *Gage v. Metro. Water Reclamation Dist. of Greater Chicago*, 365 F. Supp. 2d 919, 927 (N.D. Ill. 2005) (information pertaining to the plaintiff’s children and plaintiff’s status as a sole-caretaker “may be admitted into evidence for the period of time for which plaintiff seeks damages”).

As such, evidence and argument related to emotional distress that Plaintiff sustained, and has already been compensated for by the City of South Pasadena, as a result of the behavior of the officers of the South Pasadena Police Department, before, concurrently with and after **THE INCIDENT**, is relevant and admissible to offer alternative causes of the emotional distress that she alleges in the case at hand, as well as counter her claims of monetary compensation from the Defendant, as well as claims for compensation by her attorneys.

### C. Evidence Related to Plaintiff’s Settlement With the South Pasadena is Relevant to Plaintiff’s Claim for Damages.

Evidence and argument related to the South Pasadena Lawsuit is relevant to cross examine Plaintiff on the compensation she received as a result of the damages she sustained during the four-month long demonstrations in South Pasadena.

Because Plaintiff received compensation from the City of South Pasadena in this case, evidence and argument related to the damages she sustained are relevant to determine whether there is an overlap between the damages alleged in this case.

“[P]laintiff may not be compensated more than once for the same injury, regardless of the number or type of legal theories in the case.” *Fed. Deposit Ins. Corp. v. Ching*, 189 F. Supp. 3d 978, 995–96 (E.D. Cal. 2016) (citing *Roby v. McKesson Corp.*, 47 Cal.4th 686, 702, (2009).) “[I]f one tortfeasor pays partial compensation to the plaintiff, the liability of other tortfeasors will be correspondingly reduced.” *Krusi v. Bear, Stearns & Co.*, 144 Cal.App.3d 664, 673, 192 Cal.Rptr. 793 (1983).

Because the purpose of compensation from a settlement is to make the Plaintiff whole,

evidence related to the alleged injuries she suffered in relation to the conduct of the officers of the South Pasadena Police Department is relevant to determine whether Plaintiff is seeking to recover from the same injuries twice. Additionally, Plaintiff alleges that she suffers from emotional distress caused both by the Defendant and the officers of the South Pasadena Police Department. As such, information related to whether Plaintiff is seeking to recover twice for the same injuries is relevant and admissible.

**D. <u>Defendant Is Not Offering Evidence of the City of South Pasadena's Monetary Compensation to the Plaintiff As Character Evidence.</u>**

Federal Rules of Evidence rule 404(a)(1) does not apply because Defendant is not offering evidence of the City of South Pasadena's monetary compensation settlement for the purpose of establishing that Plaintiff is litigious or a person of bad character. As discussed above, the evidence is relevant to (1) refute claims that **THE INCIDENT** prohibited Plaintiff from engaging in subsequent First Amendment protests, (2) to offer alternative causes for the permanent emotional distress that she alleges, and (3) cross examine Plaintiff on the compensation she received as a result of the damages she sustained during the four-month long demonstrations in South Pasadena.

**E. <u>Evidence Related to the City of South Pasadena's Monetary Compensation Settlement Will Not Cause Undue Delay.</u>**

Evidence and argument related to the City of South Pasadena's monetary compensation settlement only concerns Plaintiff's request for damages.

Testimony on this issue will not be unduly time-consuming and will not cause "undue delay, waste of time, or needless presentation of cumulative evidence". Defendant anticipates that the total testimony on these issues would be less than one hour and would not cause "unfair prejudice" or "confusion of the issues" for the jury.

///

///

///

///

## III. CONCLUSION

For these reasons, Defendant respectfully submits that Plaintiff's Motion in Limine No. 2 should be denied.

//

//

DATED: February 12, 2024

Richard Cheney

By:______________________________
Richard Cheney
Appearing Pro Per

## PROOF OF SERVICE

I reside within the County of Los Angeles, State of California. I am over the age of 18 and am a Pro Se Defendant in this action; my address is 1126 Fairview Avenue, South Pasadena, CA 91030.

On Month Day, 2024, I served the foregoing document described as **DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2** on the other parties in this action by delivering a true copy thereof to the person(s) below.

| | |
|---|---|
| Laboni A. Hoq (SBN 224140)<br>HOQ LAW<br>P.O. Box 753<br>South Pasadena, California 91030<br>Email: laboni@hoqlaw.com | *Attorneys for the Plaintiffs', Fahren James and Victoria Patterson*<br><br>[Served by Email] |
| Wilmer Harris (SBN 150407)<br>Grace Paek (SBN 325304)<br>SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES LLP<br>715 Fremont Avenue, Suite A<br>South Pasadena, CA 91030<br>Email: wharris@sshhzlaw.com | *Attorneys for the Plaintiffs', Fahren James and Victoria Patterson*<br><br>[Served by Email] |
| V. James DeSimone (SBN 119668)<br>V. JAMES DESIMONE LAW<br>13160 Mindanao Way #280<br>Marina Del Ray, California 90292<br>Email: vjdesimone@gmail.com | *Attorneys for the Plaintiffs', Fahren James and Victoria Patterson*<br><br>[Served by Email] |
| Katrina J. Valencia, Esq.<br>Tatiana Le<br>CARPENTER, ROTHANS & DUMONT LLP<br>500 South Grand Avenue, 19th Floor<br>Los Angeles, California 90071<br>Email: kvalencia@crdlaw.com<br>Email: tle@crdlaw.com | *Attorneys for Defendants City Of South Pasadena, Sergeant Matthew Ronnie, Sergeant Spencer Louie, Sergeant Robert Bartl, Corporal Randy Wise, And Officer Chris Perez*<br><br>[Served by Email] |

☑ **BY ELECTRONIC SERVICE:** My electronic service address is Case221cv08256@923.us. I electronically served the documents described above to the at the e-mail address(es) indicated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 12, 2024, at South Pasadena, California.

**Richard Cheney**
Type or Print Name

Richard Cheney
Signature