Laboni A. Hoq (SBN 224140)
HOQ LAW APC
P.O. Box 753
South Pasadena, California 91030
Telephone: (213) 973-9004
Email: laboni@hoqlaw.com

V. James DeSimone (SBN 119668)
V. JAMES DESIMONE LAW
13160 Mindanao Way #280
Marina Del Ray, California 90292
Telephone: (310) 693-5561
Email: vjdesimone@gmail.com

Attorneys for Plaintiff Fahren James

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAHREN JAMES<br>　　*Plaintiffs.*<br><br>　　v.<br><br>RICHARD CHENEY<br>　　*Defendants.* | Case No. 2:21-CV-08256-DSF-DTB<br><br>Hon. Dale S. Fischer<br><br>**PLAINTIFFS' TRIAL BRIEF**<br><br>**<u>Trial</u>**<br>Date:　　　March 26, 2024<br>Time:　　　8:30 A.M.<br>Courtroom: 7D<br><br>Action Filed: October 18, 2021<br>Trial Date: March 26, 2024 |

---

1

**PLAINTIFF'S TRIAL BRIEF**

Plaintiff Fahren James hereby submits this Trial Brief pursuant to Central District Local Rule ("LR") 16-10.

## I. INTRODUCTION

As set forth in Plaintiff's Memorandum of Contentions of Law and Fact, Dkt. 79), Plaintiff will focus her case in chief on Defendant's conduct leading up to and including his decision on October 3, 2020 to violate Plaintiff Fahren James' rights under California' Bane Act. On October 3, Defendant recklessly drove his Dodge Ram 1500 truck onto a busy, pedestrian-filled sidewalk in the heart of the City of South Pasadena's business district in order to stop Plaintiff from engaging in her First Amendment protected right to free speech in support of racial justice and against police brutality. *See* Second Amended Complaint, Dkt. 56 at ¶¶ 93-106. Plaintiff James and a few other fellow protesters were putting up a protest sign in front of the local Starbucks on a Saturday afternoon, when Defendant Cheney drove his truck across two lanes of opposing traffic, over a wheel-chair ramp, and stopped within feet of Plaintiff James. *Id*. at ¶ 93. Defendant Cheney, acting as a vigilante, immediately demanded that Plaintiff James take down her protest signs, claimed that she had been told by local authorities to take it down on prior occasions, and threatened to call the Chief of Police if Plaintiff James refused. *Id*. Cheney's abrupt and dangerous action, driving up a public sidewalk towards Ms. James before stopping, placed her in fear that she was going to be assaulted and injured. Cheney's conduct was intended to be intimidating, coercive and threatening and was done in reckless disregard of Ms. James First Amendment and other civil rights.

When numerous witnesses contacted the South Pasadena Police Department ("SPPD") to report the incident, Officer Smith responded and interviewed Defendant Cheney. *Id*. at ¶ 98. As evidence at trial will show, in the course of the police encounter, Officer Smith found two knives on Defendant Cheney's person. As reflected in video of Officer Smith's Body Worn Camera, Defendant Cheney admitted his animosity toward Ms. James and her fellow protesters, stating, "I don't

know how you guys do that … They shit on your head all the time, screaming about how they want to defund the police and then shockingly as soon as they have an issue you are the first person they call." After the incident, several local residents came forward and provided Plaintiff James and the SPPD recent social media posts from Defendant Cheney (and his wife Kristen Cheney), also showing his animosity toward the protesters, and support for the hate group the Proud Boys who are well-known for their violent opposition to racial justice protesters. *Id*. at ¶ 104.

As a result of Defendant Cheney's unlawful actions, including using threats, intimidation and coercion to attempt to violate Ms. James' First Amendment free speech rights, Ms. James has suffered significant emotional distress and mental injury. After Mr. Cheney's assault on her, given her strong commitment to her cause, Ms. James continued her protest activity for a few weeks, but while wear a bullet-proof vest, and with others accompanying her, out of fear for her life and well-being. Since the assault, Plaintiff lives with psychological injuries on account of Defendant Cheney's actions, including depression, anxiety, and Post-Traumatic Stress Disorder.

**II.     Anticipated Issues for the Court to Address Based on Pre-Trial Proceedings**

**A. Issues Related to Local Rule 16-10**

Regarding LR 16-10(a), there are no newly decided cases related to the issues raised in Plaintiff's Memorandum of Contentions of Law and Fact (Dkt. 79) to report. Regarding LR 16-10(b), the Court did not direct the Parties to brief any new issues.

Regarding LR 16-10(c), Plaintiff replies to Defendant Richard Cheney's Memorandum of Contentions of Law and Fact (Dkt. 84) as follows:

Regarding Defendant Cheney's recitation of the "Claims and Defenses" in the case, Dkt. 84 at 2-3, he cites to matters that the Court has ruled are excluded from presentation at trial at this juncture, when the Court granted Plaintiff's Motion

in Limine No. 2. *See* Dkts. 81, 92. Specifically, Defendant references Plaintiff's settlement with the City Defendants, who the Court dismissed from the case on April 25, 2023 (Dkt. 72). Plaintiff's dismissed claims against the City Defendants, the settlement with the City Defendants and the amount of the settlement are not relevant to this case, and Defendant should not be allowed to improperly raise these matters before the jury.

Regarding Defendant's recitation of the "Key Evidence Opposing [Plaintiff's Civil Code Sec. 52.1 and predicate CA Const., Article I, Sec 2(a)] Claim," Dkt. 84 at 4, 5. Defendant also cites evidence that the Court excluded from presentation at trial, when it granted Plaintiff's Motion in Limine No. 1. *See* Dkts. 80, 92. Specifically, Defendant references allegations Plaintiff made in the separate case *Fahren James v. City of Los Angeles, et al.*, Case No: 2:21-CV-04525-CBM-AS. The Court ruled that Defendant cannot reference the case or allegations made in those pleadings, and Defendant should not be allowed to improperly raise these matters before the jury.

**B. Issued Related to Settlement**

In its Pre-Trial Conference Minute Order, Dkt. 92, the Court "encourage[d] rge parties to continue settlement talks. While Plaintiff remains open to settlement discussions, based on Defendant's position on this matter, Plaintiff is not optimistic that a settlement is possible. Following a full day mediation in September 2023, Defendant Cheney decline to accept a mediator's proposal. Dkt. 69 at 2, Item 3. At the Parties Rule 16-2 Conference on February 2, 2024, Plaintiff asked Defendant whether he was interested in discussing settlement and he declined.

DATED: March 19, 2024        HOQ LAW APC

By: */s/: Laboni A. Hoq*
LABONI A. HOQ
Attorney for Plaintiffs FAHREN JAMES and VICTORIA PATTERSON

| | | |
|---|---|---|
| 1 | DATED: March 19, 2024 | V. JAMES DeSIMONE LAW |
| 2 | | |
| 3 | | By: */s/: V. James DeSimone* |
| | | V. JAMES DESIMONE |
| 4 | | |
| 5 | | |
| 6 | | Attorneys for Plaintiffs FAHREN JAMES |

I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing. (L.R. 5-4.3.4(a)(2))

DATED: March 19, 2024            HOQ LAW APC

By: */s/: Laboni A. Hoq*_____
LABONI A. HOQ
Attorney for Plaintiff FAHREN JAMES

**PLAINTIFF'S TRIAL BRIEF**