Laboni A. Hoq (SBN 224140)
HOQ LAW APC
P.O. Box 753
South Pasadena, California 91030
Telephone: (213) 973-9004
Email: laboni@hoqlaw.com

V. James DeSimone (SBN 119668)
V. JAMES DESIMONE LAW
13160 Mindanao Way #280
Marina Del Ray, California 90292
Telephone: (310) 693-5561
Email: vjdesimone@gmail.com

Attorneys for Plaintiff Fahren James

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAHREN JAMES,<br><br>   *Plaintiff,*<br><br> v.<br><br>RICHARD CHENEY,<br><br>   *Defendant.* | Case No. 2:21-CV-08256-DSF-DTB<br><br>Hon. Dale S. Fischer<br><br>**PLAINTIFF'S BENCH BRIEF REGARDING DISMISSAL IN LIGHT OF *JONES V. KMART***<br><br><u>Trial</u><br>Date:  March 26, 2024<br>Time:  8:30 A.M.<br>Courtroom:  7D<br><br>Action Filed: October 18, 2021<br>Trial Date: March 26, 2024 |

///
///
///

1
**PLAINTIFF'S BENCH BRIEF**

*James v. Cheney*                   *HOQ LAW, APC*
Case No: 2:21-CV-08256-DSF-STB         V. JAMES DESIMONE LAW

## I. INTRODUCTION

Plaintiff's Bane Act Claim is both sufficiently alleged and legally proper as it is predicated on Mr. Cheney's violation of the free speech clause under Article 1 Section 2 of the California Constitution. *Jones v. Kmart Corp.,* 17 Cal. 4th 329 (1998) is not applicable to this action. In *Jones*, "[t]he jury instructions predicated defendants' *section 52.1* liability *solely on a claim of interference with either the Fourth Amendment to the United States Constitution or article I, section 13 of the California Constitution.*" *Id.* at 332. The Court explicitly held that both sections are subject to a state action requirement. The free speech clause under the California Constitution protects intrusion on political and ideological speech by private and state actors alike. The free speech protections of the free speech clause under the California Constitution are more expansive than the First Amendment. Accordingly, "California's free speech clause has given respectful consideration to First Amendment case law for its persuasive value, while making clear that 'federal decisions interpreting the First Amendment are not controlling.'" *Beeman v. Anthem Prescription Mgmt., LLC*, 58 Cal. 4th 329, 341(2013).

There is no requisite state actor requirement under the California Constitution. Accordingly, Plaintiff's Bane Act Claim against Mr. Cheney for use of threats intimidation, or coercion in violation of Plaintiff's free speech rights as protected by Article I Section 2 is proper and should not be dismissed.

## II. ARGUMENT

    **a.**    **The Bane Act Violations in *Jones v. Kmart Corp.* Are Predicated on Violations That Require State Action**

The specific holding in *Jones v. Kmart Corp.,* 17 Cal. 4th 329 (1998), is not applicable to this case. In *Jones*, the Supreme Court of California recognized that in a Bane Act claim "there is no state action requirement per se… [b]ut section 52.1 does require an attempted or completed act of interference with a legal right, accompanied by a form of coercion." *Id.* at 334. However, since the provisions

relied upon by the *Jones* Plaintiff (*Fourth Amendment to the United States Constitution or article I, section 13 of the California Constitution*) apply only to government actors, the Plaintiff's Bane Act claim failed against a private actor. *Id.* at 332-334. In so reasoning the Court stated:

> The Legislature enacted section 52.1 to stem a tide of hate crimes. (*In re M.S.* (1995) 10 Cal. 4th 698, 706-707, fn. 1.) The statutory language fulfills that purpose by providing remedies for certain misconduct that interferes with any "right[] secured by the Constitution or laws of the United States, or . . . of this state . . . ." (§ 52.1, subd. (a); *id.*, subd. (b).) The rights guaranteed in section 51.7 apply against private actors, not just those whose conduct is chargeable to the state, and as long as interference or attempted interference with them is accompanied by threats, intimidation, or coercion, section 52.1 provides remedies for that misconduct. Unquestionably there are other statutory rights with which a private actor can interfere or try to do so through threats, intimidation or coercion. The Court of Appeal, citing *People v. Lashley* (1991) 1 Cal. App. 4th 938, 950-951, mentioned section 43's " 'right of protection from bodily restraint or harm . . . .' "
>
> And as stated, an individual acting privately can violate, and hence interfere with, our state Constitution's right to privacy. Similarly, the constitutional prohibitions against slavery and involuntary servitude apply against any individual. (*United States v. Kozminski* (1988) 487 U.S. 931, 942; *Griffin v. Breckenridge* (1971) 403 U.S. 88, 104-105.) The same is true of the constitutional right to interstate travel. (*United States v. Guest* (1966) 383 U.S. 745, 759-760, fn. 17.) Section 52.1 provides remedies for such interferences, on proof of threats, intimidation or coercion, whether or not the actor is acting under color of law, and whether or not state action is present. The words are not surplusage. (Accord, *Phelps v. President & Tr. of Colby Col.*, *supra*, 595 A.2d at p. 407 [rejecting a similar contention].)

*Jones*, 17 Cal 4th at 338.

///

///

///

The holding specific to state actors in *Jones* is therefore not applicable to Plaintiff James' case as Plaintiff's Bane Act claim is predicated on a California Constitution provision that specifically applies to private actors.

### b. California's Free Speech Clause Specifies a Right to Freedom of Speech Explicitly and Runs Against Private Parties as Well as Governmental Actors

Plaintiff has sufficiently alleged a Bane Act claim predicated on Article I, Section 2 of the California Constitution. The free speech guarantee of the California Constitution provides: "Every person may freely speak, write, and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press." Cal. Const., art. I, § 2, subd. (a). "…[T]he California Constitution is an independent document, and its constitutional protections are separate from and not dependent upon the federal Constitution, even when the language of the two charters is the same." *Los Angeles All. For Survival v. City of Los Angeles*, 22 Cal. 4th 352, 365 (2000). "Unlike the First Amendment, California's free speech clause "specifies a 'right' to freedom of speech explicitly and not merely by implication," "runs against ... private parties as well as governmental actors," and expressly "embrace[s] all subjects."" *Beeman v. Anthem Prescription Mgmt., LLC*, 58 Cal. 4th 329, 341 (2013) (internal citations omitted). *See also Gerawan Farming, Inc. v. Lyons*, 24 Cal. 4th 468, 492 (2000) (holding article I's right to freedom of speech, unlike the First Amendment's, is unbounded in range. It runs against the world, including private parties as well as governmental actors.") "Within its "unlimited" scope, which expressly embraces "all subject," article I's right to freedom of speech protects political speech and ideological speech." *Gerawan*, 24 Cal. 4th at 493 (internal citations omitted).

*In Robins v. Pruneyard Shopping Ctr.,* 23 Cal. 3d 899, (1979), aff'd, 447 U.S. 74 (1980) several local high school students went to a privately owned shopping center to solicit signatures for a government petition and were asked to leave the premises. The Supreme Court of California found that the California Constitution prohibited even private owners of a shopping center from interfering with the students' reasonably exercised free speech activity. Moreover, this implied right of free speech did not conflict with the federal Constitution because the California constitution provides an affirmative right of free speech. *Id*. at 908–911.

Plaintiff alleged interference with the right protected under Article I, Section 2 of the California Constitution in the Pre-Trial Conference Order. (See Dkt. 102). As such, her Bane Act claim should not be dismissed and should be allowed to proceed.

### III. CONCLUSION

Accordingly, Plaintiff's Bane Act claims is proper as it relies on the free speech clause in the California Constitution which is not limited to state actors.

DATED: March 27, 2024     Respectfully Submitted,

**HOQ LAW APC**
**V. JAMES DESIMONE LAW**

By: */s/: V. James DeSimone*
  V. JAMES DESIMONE
  LABONI A. HOQ

  Attorney for Plaintiff
  FAHREN JAMES