UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Fahren James,<br>   Plaintiff,<br><br>           v.<br><br>Richard Cheney,<br>   Defendant. | 2:21-CV-08256-DSF-DTB<br><br>ORDER RE BANE ACT CLAIM |

The California Supreme Court has clearly stated in the Fourth Amendment context and under Article I, Section 13 of the California Constitution that "[o]nly the government or its agents can" violate a person's constitutional right against unreasonable search and seizure. Jones v. Kmart Corp., 17 Cal. 4th 329, 334 (1998).  Where a private person does so, the purported victim has no valid Bane Act claim.  Id.  In other words, the Bane Act does not "permit remedies for a private actor's putative 'violation' of rights that apply only against the state or its agents[.]"  Id. at 337.  Like the Fourth Amendment, the First Amendment also has a state-action requirement.  See Manhattan Cmty. Access Corp. v. Halleck, 587 U.S. 802, 808 (2019).  Jones thus forecloses a Bane Act claim predicated on a private actor's putative violation of the First Amendment.

James cites Beeman v. Anthem Prescription Mgmt., LLC, 58 Cal. 4th 329, 341 (2013), for the proposition that "[u]nlike the First Amendment, California's free speech clause [Article 1, Section 2] 'specifies a 'right' to freedom of speech explicitly and not merely by implication,' 'runs against ... private parties as well as

governmental actors,' and expressly 'embraces all subjects.'" In Beeman, the California Supreme Court considered a challenge to a California state regulation "requiring prescription drug claims processors to compile and summarize information on pharmacy fees and to transmit the information to their clients." Id. at 335. That case concerned whether the state could compel factual speech, and thus state action was not a contested issue. The quote James relies on comes from Gerawan Farming, Inc. v. Lyons, 24 Cal. 4th 468, 486 (2000). However, as the California Supreme Court – and federal courts – subsequently recognized, that statement is dicta and not binding. Campbell v. Feld Ent. Inc., No. 12-CV-4233-LHK, 2014 WL 1366581, at *6 (N.D. Cal. Apr. 7, 2014) (citing Golden Gateway Ctr. v. Golden Gateway Tenants Assn., 26 Cal. 4th 1013, 1028–29 (2001)).

This Court, along with the other federal courts to consider the issue, is persuaded that the "Californi[a] [Constitution's] free speech clause contains a state action limitation." Golden Gateway Ctr., 26 Cal. 4th at 1023; see also Campbell, 2014 WL 1366581 at *7 (collecting cases). There is a narrow exception dealing "with restrictions private property owners plac[e] on people exercising speech rights on [their] private property. [But] [n]othing in those decisions suggests a broader application of [California's free speech clause] to other private actors." Campbell, 2014 WL 1366581 at *7; see, e.g., Grocery Co. v. United Food & Com. Workers Union Loc. 8, 55 Cal. 4th 1083, 1091 (2012). "California courts have applied Article I, section 2's protection against private actors only in cases when a private actor owns property that has been opened up to the public such that it becomes a quasi-public forum, and the private actor thereby resembles a state actor." Guevarra v. Seton Med. Ctr., 642 F. App'x 683, 687 (9th Cir. 2016) (unpublished) (citing Grocery Co., 55 Cal. 4th 1093).

The other cases cited by James fall within this exception because they concern public fora: Robins v. Pruneyard Shopping Ctr., 23 Cal. 3d 899, (1979), aff'd, 447 U.S. 74 (1980) concerned a shopping mall; Ennis v. City of Daly City, 756 F. Supp. 2d 1170, 1176–77 (N.D. Cal. 2010) concerned a parking lot. Defendant Cheney has no property interest related to the facts of this case

2

and there is no public forum at issue over which Cheney exercises control. If there is an exception to the state-action requirement in Article 1, Section 2, this case does not fall within it.

James may not predicate her Bane Act claim on a violation of Article 1, Section 2 of the California Constitution because Cheney is a private person.

State action is also required to state a claim under Article 1, Section 3 of the California Constitution. See Pasillas v. Agric. Lab. Rels. Bd., 156 Cal. App. 3d 312, 347-48 (1984) (no Art. 1, Sec. 3 claim because "neither the inclusion of union security agreements authorized by the Act nor their enforcement against Pasillas and Navarro constituted state action; constitutional protections therefore did not attach"); see also Newby v. Alto Riviera Apartments, 60 Cal. App. 3d 288, 295 (1976) (no Art. 1, Sec. 3 claim for threatening eviction based on organized meeting amongst tenants because "notice to quit, which is not process issued by the court, does not constitute state action"), overruled on other grounds by Marina Point, Ltd. v. Wolfson, 30 Cal. 3d 721 (1982). To the extent there is an exception under the California Constitution for Article 1, Section 3's state action bar, it is subject to the same analysis as James' Article 1, Sec. 2 claim. See Leach v. Drummond Med. Grp., Inc., 144 Cal. App. 3d 362, 375 (1983).

James also may not predicate her Bane Act claim on a violation of Article 1, Section 3 of the California Constitution because Cheney is a private person.

IT IS SO ORDERED.

Date: March 29, 2024

Dale S. Fischer
United States District Judge