V. James DeSimone (SBN: 119668)
vjdesimone@gmail.com
**V. JAMES DESIMONE LAW**
13160 Mindanao Way Suite 280
Marina Del Rey, California 90292
Telephone: (310) 693-5561
Email: **VJD000085@bohmlaw.com**

Laboni A. Hoq (SBN 224140)
**HOQ LAW APC**
P.O. Box 753
South Pasadena, California 91030
Telephone: (213) 973-9004
Email: **laboni@hoqlaw.com**

Attorneys for Plaintiff,
FAHREN JAMES

UNTIED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAHREN JAMES,<br><br>*Plaintiff*,<br><br>v.<br><br>RICHARD CHENEY,<br><br>*Defendant*. | Case No.: 2:21-cv-08256-DSF-DTB<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR NEW TRIAL**<br><br>Hearing Date: June 17, 2024<br>Time: 1:30 p.m.<br>Judge: Honorable Dale S. Fischer<br>Courtroom: 7D |

///

///

///

## I. INTRODUCTION

In his Motion for a new trial, Defendant fails to meet the applicable standards for overturning the jury's verdict such that the motion should be denied. Defendant's sole argument is that he discovered "new" evidence after the trial, which he claims was the result of misconduct by Plaintiff's counsel. However, neither of these contentions, even if true which they are not, would give rise to the grant of a new trial because the "new" evidence in question is not "likely [to] have changed the outcome of the case." *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 998 (9th Cir. 2001). Indeed, the overwhelming independent evidence clearly showed that Defendant violated Civil Code §52.1 ("Bane Act"), warranting a verdict in Plaintiff's favor. Ultimately, because Defendant fails to show how the verdict was "against the clear weight of the evidence," the Court should deny Defendant's request for a new trial. *Flores v. City of Westminster*, 873 F.3d 739, 748 (9th Cir. 2017).1

Importantly, the "new evidence" on which Defendant bases his Motion is neither new nor appreciably material to the jury's verdict. Dkt. 123-3. It is an email that, among other irrelevant topics, describes Defendant's account of the events leading up to his recklessly driving his truck onto a sidewalk within feet of Plaintiff in order to interrogate her and deter her from posting a political sign. *See* Dkt. 123-3. Plaintiff introduced a redacted version of the email at trial to avoid invading Defendant's private family matters, and Defendant never objected to Plaintiff moving to admit that version into evidence. Nor did Defendant seek to introduce the unredacted version into evidence, even though it had been *in his possession for over two years*. In any event, nothing in the email would have overcome the

1 Concurrently with its filing of the instant Motion for New Trial, Defendant also filed a separate Motion for Change of Jurisdiction, asking that the Court dismiss this case from federal court for lack of subject matter jurisdiction. Dkt. 124. Plaintiff separately opposes that motion on its merits, but notes that the relief Defendant seeks in the two motions are fundamentally inconsistent. Indeed, the only instance in which the Court could rule on the instant motion for a new trial is if it determines it has jurisdiction over this case, which requires denying Defendant's Motion for Change of Jurisdiction, which it should do, together with this Motion.

mountain of evidence that reasonably led the jury to return a verdict for Plaintiff.

Regarding Defendant's claims that Plaintiff's counsel's decision to introduce only a portion of the email in question constitutes misconduct, this too is both false and, in any event, would not support a grant of a new trial. Defendant has not shown, nor can he show, that Plaintiff's decision to introduce the redacted email so "permeated [the] entire proceeding" that the jury would have been "influenced by passion and prejudice in reaching its verdict." *Settlegoode v. Portland Pub. Sch.*, 371 F.3d 503, 516–17 (9th Cir. 2004) (internal quotations and citations omitted). Moreover, because Defendant failed to object to entry of the redacted email into evidence, he is held to the "high[er] threshold" of showing that introducing the email amounted to "plain error," which he has not, and cannot do. *Id*. at 517; *Kaiser Steel Corp. v. Frank Coluccio Constr. Co.*, 785 F.2d 656, 658 (9th Cir.1986).

Because there is no basis to conclude that Defendant's "new" evidence would have caused the jury to disregard the overwhelming evidence that he is liable for violating the Bane Act, the Court should deny Defendant's motion for a new trial.

## II. Defendant Fails to Meet the Standards for Grant of a New Trial, such that His Motion Should be Denied

Defendant does not even come close to meeting the standards for the grant of a new trial. Although the court certainly exercises discretion in considering a new trial motion, discretion is carefully limited as follows: "The trial court may grant a new trial only if the jury's verdict was against the clear weight of the evidence. We may conclude that the district court abused its discretion if the jury's verdict is not against the clear weight of the evidence." *Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1083 -1084 (reversing district court for second-guessing the jury on two factual grounds and improperly deciding a legal matter on a motion for new trial) (9th Cir. 2009); *Flores*, 873 F.3d at 748 (9th Cir. 2017). The Ninth Circuit has expressly cautioned district courts against substituting their "evaluations for those of jurors." *Flores* at 743; *Tortu* at 1084. "[A] district court may not grant a new trial

simply because it would have arrived at a different verdict." *Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001); *Flores*, 873 F.3d at 748 (new trial will not be granted "simply because the evidence might have led us to arrive at a different verdict").

**A. Defendant Failed to Discover the "New" Evidence Before Trial Completed, and it Would Not Have Changed the Outcome of the Case**

Regarding his claim that he discovered "new evidence" after trial, Defendant fails to establish the facts necessary to warrant the grant of a new trial on this basis. To do so, Defendant is required to show each of the following: "(1) the evidence was discovered after trial, (2) the exercise of due diligence would not have resulted in the evidence being discovered at an earlier stage and (3) the newly discovered evidence is of such magnitude that production of it earlier would likely have changed the outcome of the case." *Far Out Prods.*, 247 F.3d at 992–93. Defendant fails the requisite showing on at least two of these factors.

First, while Defendant claims that he located the unredacted version of the email "the morning after the trial ended," Dkt. 123-1 at 19, he fails to establish that "the exercise of due diligence" on his part "would not have resulted in the [unredacted email] being discovered at an earlier stage." *Far Out Prods.*, 247 F.3d at 992–93. Nor can he. Plaintiff's counsel presented the redacted email, Dkt. 123-2, to Defendant on the witness stand on the morning of March 27, 2024, the second day of a four-day trial. Hoq Decl. ¶ 4. It is evident that Defendant had ready access to the unredacted version of email since the time he authored it two years, as he describes no problem "searching for and reading" the unredacted version the morning after trial. Dkt. 123-1 at ¶ 21. However, Defendant fails to explain why he did not "exercise due diligence" to locate it during trial. There is no excuse for Defendant's tardy discovery of the unredacted email, which is of no fault but his own and thus dooms his entitlement to a new trial. *See Farm Credit Bank of Texas*

*v. Guidry*, 110 F3d 1147, 1154 (5th Cir. 1997) (overruled on other grounds by *In re Orso*, 283 F3d 686, 696-697 (5th Cir. 2002) (*en banc*) (denying new trial when moving party failed to timely disclose evidence in her possession "of her own volition").

Second, Defendant's purportedly "newly discovered evidence" is demonstrably not "of such magnitude that production of it earlier would likely have changed the outcome of the case." Again, Defendant does not allege anything of the sort, let alone submit any evidence to support it. That is likely because Defendant cannot deny the overwhelming and virtually uncontroverted evidence supporting the jury's verdict for Plaintiff.

In returning a verdict for Plaintiff, the jury relied on a mountain of evidence that militated its finding that Defendant violated the Bane Act. Following the Court's undisputed jury instructions, the jury determined that Defendant "used threats, intimidation and coercion" to "violate[] or attempt to violate[] plaintiff's right of protection from bodily harm or personal insult by driving his car on the sidewalk in close proximity to plaintiff." Dkt. 117 at 11. To reach its verdict, the jury was able to rely on evidence completely independent of the email at issue. That evidence included real-time surveillance and percipient witness video footage of Defendant intentionally driving his truck onto a sidewalk in close proximity to Plaintiff where he remained arguing with pedestrians for several minutes until the police arrived. Dkt. 114 at 10 (Ex. 1). It also included eye-witness testimony of multiple witnesses who experienced Defendant's threatening and intimidating behavior toward Plaintiff. *Id.* at 2-3 (Witnesses Sari Steel and Theodore Jones III). It further included testimony from a police detective whose investigation of the incident concluded that Defendant had engaged in the criminal misdemeanor offense of "reckless driving" when he drove his truck within feet of Plaintiff. *Id.* at 5 (South Pasadena Police Detective Michael Palmieri (ret.)). In light of this evidence, there is no reason to believe that the email in question – whose purpose

Defendant admits was to "lie" to his family members in order to forge a reconciliation, Dkt. 123-1 at ¶ 17 – would have changed the jury's mind and find in his favor. Where, as here, the challenged evidence "did not substantially contribute to the verdict, and it was unlikely that the new evidence would have changed the outcome," a new trial is not warranted. *Jones v. Lincoln Elec. Co.*, 188 F3d 709, 735-736 (7th Cir. 1999).

In his Motion, Defendant never takes issue with any of the independent evidence Plaintiff introduced to the jury at trial. Nor does he take issue with the jury instructions the Parties jointly crafted with the Court to ensure the jury was properly instructed on how to apply the evidence in arriving at a verdict. Hoq Decl. at ¶ 4. Upon applying this evidence to the clear and uncontested jury instructions, the jury was duty bound to find for Plaintiff, which they reasonably did.

Even as to the unredacted email, Defendant identifies no specific facts in it that would have been material to the jury's verdict, which also dooms his request for a new trial. *Stephens v. Rheem Mfg. Co*. 220 F3d 882, 886 (8th Cir. 2000) (requiring for purposes of granting a new trial that purportedly new evidence be "material and not merely cumulative or impeaching"). The only tangible impact of the email he alleges is that Plaintiff used it "to successfully impeach Defendant's testimony," Dkt. 123 at 2; 123-1 at (para) 12, and that "substantial portions of the redacted text fully supported [] Defendant's testimony [at trial]," Dkt. 123-1 at ¶ 24. However, "new" evidence that is "cumulative" of other evidence, and that is relied on only for "impeachment" purposes does not warrant a new trial. *Stephens*, 220 F3d at 886. (8th Cir. 2000).

///

///

///

**B. Plaintiff's Counsel Did Not Engage in Misconduct**

Defendant's claim that he is entitled to a new trial based on purported misconduct by Plaintiff's attorneys also fails both on the facts and the law. According to Defendant, that misconduct included the fact that Plaintiff introduced only a redacted version of the email in question, which he claims shows that Plaintiff's counsel "manufactured false evidence," and "misrepresented" evidence to the Jury and the Court. Dkt. 123 at 2. However, Defendant cites no evidence to support these claims. Other than redacting portions of the email that did not serve the purpose of impeaching Defendant, or protecting his and his family's privacy rights, Plaintiff did nothing else to alter the text of the email. Hoq Decl. ¶ 5. As such, there is no evidence that Plaintiff sought to "manufacture" or "misrepresent" evidence. What Plaintiff presented to the jury in the redacted version of Defendant's email were, pure and simple, verbatim prior admissions of Defendant's own words, which are core admissible evidence. Fed. R. Evid. 801(d)(2).

Even if Defendant's misconduct assertions were true – which they are not – Plaintiff's decision not to introduce the unredacted portions of the email does not rise to the type of misconduct that would warrant a new trial. "A new trial should only be granted where the flavor of misconduct ... sufficiently permeate[s] an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict." *Settlegoode*, 371 F.3d at 516–17. Again, Defendant admits that the only purpose of introducing the reacted portions of the email was to corroborate his testimony at trial. Dkt. 123-1 at ¶¶ 24, 28. Such "cumulative" evidence hardly constitutes information that "permeates the entire proceeding." *Stephens*, 220 F3d at 886; *Settlegoode*, 371 F.3d at 517.

Moreover, Defendant also failed to object in any way to Plaintiff's introduction of the unredacted email into evidence at trial. Hoq Decl. ¶ 5. Nothing prevented him from doing so. "Without opposing counsel's contemporaneous objection, courts will grant a new trial only if the attorney misconduct rises to the

level of 'plain error.'" *Settlegoode*, 371 F.3d at 517; *Kaiser Steel Corp. v. Frank Coluccio Constr*. Co., 785 F.2d 656, 658 (9th Cir.1986) ("There is an even "high[er] threshold" for granting a new trial where, as here, defendants failed to object to the alleged misconduct during trial.)

Here, Defendant cites no authority to establish that Plaintiff's counsel's conduct in redacting the email constitutes "plain error." In order to establish "plain error," Defendant would have had to show each of the following: (1) there be an "error," (2) the error be "plain or obvious," (3) the error be "prejudicial or affect substantial rights" and (4) "review be necessary to prevent a miscarriage of justice." *Settlegoode*, 371 F.3d at 517 (citations and quotations omitted). Defendant fails to do so. In fact, for the reasons discussed above, there is no evidence that Plaintiff's counsel's conduct constituted "error," let alone that the purported error caused Defendant to suffer "prejudice," when they introduced the redacted, but otherwise unaltered email into evidence.

Under the circumstances here, the Court need not reach the issue of whether grant of a new trial would "prevent a miscarriage of justice." Importantly, the Ninth Circuit has held that "we will grant a new trial to prevent a miscarriage of justice, but we will not invalidate a sound jury verdict." *Sandoval v. Cnty. of Los Angeles*, 622 F. App'x 705, 706 (9th Cir. 2015). Indeed, this case is similar to Sandoval, where the court found rejected a claim of miscarriage of justice in support of a new trial motion. It held that the moving party's "new evidence could have been discovered through the exercise of reasonable diligence before []trial: the evidence and its importance were known, and the technology … to present it were available … [t]he District Court admitted sufficient probative evidence to allow each side to argue its case, without prejudicing the plaintiff or unduly sacrificing court resources … the testimony given was not fundamentally unfair. … The trial was fair. The evidence supports the verdict." *Id*. Because all of these are true here too, the Court should deny Defendant's motion for a new trial.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion for a New Trial.

Date: May 28, 2024

**V. JAMES DESIMONE LAW**
**HOQ LAW APC**

By: ______________________
V. JAMES DESIMONE, ESQ.
LABONI A. HOQ, ESQ

Attorneys for Plaintiff,
FAHREN JAMES