V. James DeSimone (SBN: 119668)
vjdesimone@gmail.com
**V. JAMES DESIMONE LAW**
13160 Mindanao Way Suite 280
Marina Del Rey, California 90292
Telephone: (310) 693-5561
Email: **VJD000085@bohmlaw.com**

Laboni A. Hoq (SBN 224140)
HOQ LAW APC
P.O. Box 753
South Pasadena, California 91030
Telephone: (213) 973-9004
Email: **laboni@hoqlaw.com**

Attorneys for Plaintiff,
FAHREN JAMES

UNTIED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FAHREN JAMES,

*Plaintiff*,

v.

RICHARD CHENEY,

*Defendant*.

Case No.: 2:21-cv-08256-DSF-DTB

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR CHANGE OF JURISDICTION**

Hearing Date: June 17, 2024
Time: 1:30 p.m.
Judge: Honorable Dale S. Fischer
Courtroom: 7D

///

///

///

## I. INTRODUCTION

Defendant Cheney's post-judgment request that the Court dismiss this case for lack of federal jurisdiction is both unjustified, and improper at this stage of the case. As set forth in the Court's Pre-trial Conference Order, the Court duly exercised supplemental jurisdiction over Plaintiff's state law Civil Code § 52.1 ("Bane Act") claim. Dkt. 102 at 2. In so ruling, the Court relied on the fact that though Plaintiff decided not to pursue her First Amendment claim under the U.S. Constitution against Defendant "for purposes of trial efficiency," the "interests 'of economy, convenience, fairness, and comity'" were served by the Court's exercise of supplemental jurisdiction over the case. Moreover, in the Parties' jointly submitted proposed pre-trial conference order, Defendant represented to the Court that he did "not dispute the Court's jurisdiction and venue." Dkt. 89-1 at 2. Defendant also did not raise issue with the Court's jurisdiction at any time thereafter including throughout the four-day jury trial, though he had ample opportunity to do so.

Now, after the jury has returned a verdict against him, and the Court entered judgement in Plaintiff's favor, Defendant's has decided to change course and asks the Court to dismiss the case for lack of jurisdiction. Defendant cites no rationale for this belated request, and Plaintiff is aware of none at this late stage of the case. Indeed, the Court was well within its authority to exercised supplemental jurisdiction over this case, and the interest of the economy, convenience, fairness, and comity continue to support the Court's decision. For these reasons, the Court should reject Defendant's unjustified last-ditch effort to evade responsibility for his violation of Plaintiff's rights under the Bane Act.[1]

---

1 Defendant appears to predicate his motion for change of jurisdiction on his assumption that the Court will grant his concurrently filed notion for a new trial. Dkt. 124 at 1 ("Whereas Judge Dale S. Fischer has granted Defendant's motion for a new trial"). However, Defendant cannot have it both ways. Unless the Court has jurisdiction over this case, it cannot rule on Defendant's motion for a new trial. As discussed herein, and in Plaintiff's concurrently filed Opposition to Defendant's motion for a new trial, the Court has jurisdiction to rule on that motion, and should deny it.

## II. The Court Has Supplemental Jurisdiction Over Plaintiff's Bane Act Claim

As set forth in Plaintiff's Memorandum of Law and Fact, Dkt. 79, the Court is entitled to exercise supplemental jurisdiction over Plaintiff's Bane Act claim because doing so would serve the interests "of economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc*., 114 F.3d 999, 1001 (9th Cir.), supplemented, 121 F.3d 714 (9th Cir. 1997), as amended (Oct. 1, 1997) (citations and quotations excluded).

Here, the Court's decision to exercise jurisdiction over the Bane Act claim prior to trial was particularly sound given that the Parties had expended considerable resources in conducting extensive discovery and preparation for trial making continuing federal court decision over the two-year old case appropriate. *See* Dkt. 102 (*citing Acri v. Varian Assocs., Inc*., 114 F.3d at 1001). The Court's decision is even more sound now post-trial under the "totality of circumstances," including the completion of a four-day jury trial in which the Parties, the Court and its staff, and a duly empaneled jury respectively spent inordinate resources to see the case through completion, including a jury verdict and issuance of final judgment in the case. *See Rodriguez v. Doral Mortg. Corp*., 57 F.3d 1168, 1177 (1st Cir. 1995) (applying a "totality of the attendant circumstances" test in upholding Plaintiff's right to pursue a state law claim in federal court after the federal claim was dismissed).

## III. The Court's Order Limiting Plaintiff's Bane Act Claim Does Not Affect Its Supplemental Jurisdiction Over that Claim

The fact that the Court ruled mid trial that Plaintiff could not proceed under the free speech clause of the California Constitution as a predicate to her Bane Act claim does not affect the Court's entitlement to exercise supplemental jurisdiction over the remaining aspects of the claim. As discussed, interests "of economy, convenience, fairness, and comity" continued to weigh in favor the Court's exercise

of supplemental jurisdiction. *Acri v. Varian Assocs., Inc.*, 114 F.3d at 1001.

At the time it decided to limit Plaintiff's Bane Act claim, the Court could have reconsidered its decision that it had jurisdiction over the claim, which it specifically did not do. Indeed, the Court first raised that it was inclined to limit Plaintiff's Bane Act Claim to exclude the free speech clause of the California Constitution as a predicate on the second day of trial, on March 27, 2024. Declaration of Laboni Hoq, __. At that time or anytime through the end of trial, Defendant could have but failed to object to the Court's continuing jurisdiction over the case. This is likely because he continued to agree that the Court's jurisdiction was appropriate under the totality of the circumstances. That Defendant raises this jurisdictional challenge only after the jury returned a verdict against him is telling, and the Court should reject this improper attempt at gamesmanship to evade an unassailable jury verdict.

It is simply far too late for the Court to dismiss this case for lack of jurisdiction now, particularly where it continues to have sound reason to retain its jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion for Change of Jurisdiction.

Date: May 28, 2024

**V. JAMES DESIMONE LAW**
**HOQ LAW APC**

By: ______________________
V. JAMES DESIMONE, ESQ.
LABONI A. HOQ, ESQ

Attorneys for Plaintiff,
FAHREN JAMES