# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Fahren James,<br>        Plaintiff,<br><br>              v.<br><br>Richard Cheney,<br>        Defendant. | 2:21-CV-08256-DSF-DTB<br><br>Order Granting in Part<br>Plaintiff's Motion for Fees and<br>Costs (Dkt. 121) |

Plaintiff Fahren James requests that the Court award attorneys' fees and costs relating to her claims against pro se defendant Richard Cheney.  Dkt. 121 (Mot.).[1]  Cheney asks that the Court not award fees or costs, but offers no substantive argument.  Dkts. 123, 124.  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  For the following reasons, the Court awards James $302,988.37 in fees.

James seeks attorneys' fees pursuant to the Bane Act, which provides that a court "may award the . . . plaintiff reasonable attorney's

---

[1] The Court notes that James completely disregarded the Court's ORDER RE REQUIREMENTS FOR MOTION FOR ATTORNEYS' FEES.  See Dkt. 6. There is no joint statement or spreadsheet similar to that used as an example in the order.  The time and expense records submitted ignore the Court's ORDER RE FORMAT OF TIME AND EXPENSE RECORDS.  See id.  There is no indication that the parties met and conferred as required by the local rules and the Court's order, although they had done so on other issues. Nevertheless, the Court will consider James's motion.

fees." Cal. Civ. Code § 52.1(i). James is the prevailing party; a jury awarded her $10,000 in compensatory damages and $45,000 in punitive damages. Dkt. 120. Her attorneys seek $673,307.50 in fees and $6,893.30 in costs.[2] Dkt. 121.

The computation of attorney's fees under a statute authorizing recovery to a prevailing party is generally determined under the lodestar adjustment method. See Ketchum v. Moses, 24 Cal. 4th 1122, 1131-36 (2001). The "lodestar" is calculated by "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996), opinion amended on denial of reh'g, 108 F.3d 981 (9th Cir. 1997) (citing McGrath v. Cnty. of Nevada, 67 F.3d 248, 252 (9th Cir. 1995)).

The Court generally may refer to both state and federal law to determine whether a fee is reasonable. See, e.g., Chaudhry v. City of Los Angeles, 751 F.3d 1096, 1112 (9th Cir. 2014); see also Rios v. City of Los Angeles, 2:21-cv-05341-RGK-MAA, 2023 WL 3432164, *2 (C.D. Cal. Mar. 2, 2023) (relying in part on federal law to determine reasonable attorneys' fees under the Bane Act).

District courts have broad "discretion in determining the amount of a fee award . . . in view of [their] superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). If a court determines that some hours billed are not reasonable, it may exclude them using one of two methods. Gonzalez v. City of Maywood, 729 F.3d 1196, 1203 (9th Cir. 2013). The court may either conduct an "hour-by-hour analysis" of the fee request or make an "across-the-board percentage cut" either to the number of hours claimed or the final lodestar figure. Id. (quoting Gates v. Deukmejian, 987 F.2d 1392, 1399 (9th Cir. 1992)). If the court finds the time expended or the amount requested is not reasonable, it may

---

[2] James has already been awarded costs pursuant to her bill of costs. See Dkts. 122, 131.

award attorneys' fees in a lesser amount.  Morris v. Hyundai Motor America, 41 Cal. App. 5th 24, 34 (2019).

"The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed."  Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 945-46 (9th Cir. 2007) (citing Hensley, 461 U.S. at 433).  It is the losing party's burden to identify entries that should be stricken and produce "a sufficiently cogent explanation" as to why they are "excessive or duplicative[.]"  Moreno v. City of Sacramento, 534 F.3d 1106, 1116 (9th Cir. 2008).  "If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut."  Id.

The Court finds that James has met her burden as to much of her request, but not all: there are issues about the hourly rates[3], the

---

[3] Courts in the Ninth Circuit have questioned the value of attorney declarations purporting to be evidence of a reasonable rate because these declarations "are both self-serving and self-perpetuating."  Kochenderfer v. Reliance Standard Life Ins. Co., No. 06-CV-620 JLS (NLS), 2010 WL 1912867, *4 (S.D. Cal. Apr. 21, 2010); see also Zeigler v. Cnty. of San Luis Obispo, No. CV 17-9295-MWF (AFMx), 2023 WL 3432238, *4 (C.D. Cal. Mar. 1, 2023) ("The Court does not assign much weight to Plaintiff's attorneys' declaration given its self-serving nature.").  This is particularly true where, as here, the declarant works in the same substantive area of law as the fee-seeking attorney.  "A high award in this case would support the declarants' own high hourly rate requests in the future."  Kochenderfer, 2010 WL 1912867 at *4.

allocation of fees between Cheney and the other defendants,[4][5]  the reasonableness of some of the time entries, and the rates charged and work performed by "case managers" and others[6].  James seeks an

---

[4] On about April 25, 2023, James and her co-Plaintiff settled their claims against the City of South Pasadena and five South Pasadena police officers. Dkt. 81 (MIL II) at 3.  This resolved six of James's seven claims and the bulk of the legal issues.  See Dkt. 56 (SAC).  Both sides agreed "to bear their own costs and attorneys' fees."  Dkt. 71 at 2.  Cheney was involved in only one of six incidents that formed the basis of the lawsuit.  Dkt. 121-2 (Hoq Decl.) ¶9 and the co-Plaintiff was not involved in the incident involving Cheney. Cheney should not be held responsible for fees incurred litigating against other defendants.

[5] In Laboni Hoq's entries prior to April 25, 2023, some tasks that appear to relate to all defendants are reduced by 85%.  For example, two hours of "docs review" on October 2, 2022 are recorded as only 18 minutes of compensable time.  Other tasks that appear solely related to Cheney are categorized as compensable in full, such as "review grace letter re Cheney discover deficiencies; edits re same[.]"  Id.  DeSimone Decl., Ex. B at 2.  However, some entries that appear to relate to all defendants are not discounted.  In V. James DeSimone's time entries prior to the settlement with the other defendants, work related to all defendants appears to be discounted by only 50%.  Hoq's percentage reduction is much more appropriate.

[6] James seeks fees for persons described as "case managers" in the billing, but are referred to in the motion as paralegals.  "[A] paralegal's work is only compensable when it is not purely clerical or administrative, because those tasks should not be billed at paralegal rates but should instead be subsumed in the overhead costs of a firm."  Zeigler, 2023 WL 3432238 at *9 (collecting cases).  "On the other hand, 'functions that would have been performed by lawyers or at least reviewed by them if they had not been performed by experienced paralegals' are not purely clerical and may, in some circumstances, be billed."  Id.  Some of the case managers' tasks are purely clerical or administrative.  For example, on March 20, 2024, Kimberly Medina billed .9 hours to "Prepare and Provide Zoom link for Attorney and Client Fahren James Meeting and send email to all parties with Zoom link Details[.]" Dkt. 121-1 (Ex. E).  The Court is skeptical that it took 54 minutes

extraordinary amount for a case that resulted in a comparatively small recovery on only one of the two claims originally asserted with two experienced attorneys proceeding at trial against a pro se defendant.[7] For the reasons described, James has not met her burden to support all the fees submitted.  But is not the Court's responsibility to evaluate these issues or perform its own hour by hour evaluation of the billing records.  Therefore, the Court concludes it should exercise its discretion to reduce the fee request by 10%.  See Moreno, 534 F.3d at 1112 ("the district court can impose a small reduction, no greater than 10 percent – a 'haircut' – based on its exercise of discretion and without a more specific explanation.").

That results in a generous lodestar of $605,976.75.

Under California law, "a reduced fee award is appropriate when a claimant achieves only limited success." Chavez v. City of Los Angeles, 47 Cal. 4th 970, 989 (2010) (quoting Sokolow v. Cnty. of San Mateo, 213 Cal. App. 3d 231, 249 (1989)).  The fee award "need not be strictly proportionate to the damages recovered," but should be "reasonable in relation to the results obtained."  Id. (citing City of Riverside v. Rivera, 477 U.S. 561, 574 (1986)).  "On this point, California law is consistent with federal law." Chavez, 47 Cal. 4th at 989.

At closing argument, James's attorneys asked the jury for between $500,000 and $700,000.  James was awarded only $55,000. Dkt. 120.  In Farrar v. Hobby, the Supreme Court reiterated that "[w]here recovery of private damages is the purpose of civil rights

---

to create a Zoom link and send it over email.  Regardless, this is not a function performed by a lawyer or reviewed by one.

[7] For example, at the requested rates, James would have been charged $2,250 an hour to proceed on a single claim that did not present particularly novel or difficult questions.  No reasonable person would pay that amount.  The Court bases its award on the requested hourly rates only because Cheney does not dispute them.  The Court has not affirmatively found that the rates are reasonable, and counsel should not represent to any court or otherwise that this Court found them to be so.

litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." 506 U.S. 103, 114 (1992) (citing City of Riverside). "Indeed, 'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" Id. at 115.[8]

Given James's limited success, the Court deems it appropriate to reduce the lodestar by 50%.[9] See Mann v. Quality Old Time Serv., Inc., 139 Cal. App. 4th 328, 345-46 (2006) (holding attorneys' fee request on anti-SLAPP motion merited a 50% reduction due to motion's partial success); Kottle v. Unifund CCR, LLC, 992 F. Supp. 2d 982, 986 (C.D. Cal. 2014) (finding 50% reduction of attorneys' fees warranted because two of three claims were unsuccessful); Malama Makua v. Hagel, No. CV 09-00369 SOM-RLP, 2013 WL 12284635, *10 (D. Haw. Apr. 22, 2013) (finding "after carefully considering the factual and procedural background of this matter, . . . that Plaintiff's base fee award should be reduced by 50% to reflect Plaintiff's partial success"); Vogel v. Dolanotto, LLC, No. 2:16-CV-02488-ODW-KSx, 2018 WL 1684303, *7 (C.D. Cal. Apr. 5, 2018) ("Plaintiff gained only partial success in this action, which warrants a reduction in these expenses by 50%.").

This results in a fee award of 302,988.37, which the Court finds is more than reasonable.

---

[8] The Court notes that, unlike many civil rights cases, the verdict against Cheney, a private citizen engaged in conduct not likely to recur, provided no public benefit. This fact must be considered when evaluating a fee request. McCown v. City of Fontana, 565 F.3d 1097, 1103 (9th Cir. 2009) (citing Hensley, 461 U.S. at 440.).

[9] James abandoned her § 1983 claim based on the First Amendment shortly before trial. In addition, the Court found that James could not proceed on her Bane Act claim to the extent it was based on the First Amendment, an issue counsel themselves should have identified. See Dkt. 112. It does not appear that counsel made any adjustment based on legal research or other services that related only to the abandoned § 1983and First Amendment related claims.

6

IT IS SO ORDERED.

Date: August 5, 2024

Dale S. Fischer
United States District Judge